UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-60187-Dimitrouleas

UNITED STATES OF AMERICA,

v.

CASSANDRA RIVERA,
  *Defendant*.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Cassandra Rivera, through undersigned counsel, respectfully submits this Sentencing Memorandum in advance of her upcoming sentencing hearing Ms. Rivera stands before the Court having pleaded guilty to one count of conspiracy to use a communications facility to unlawfully distribute and dispense, and possess with intent to distribute, detectable amounts of hydrocodone and oxycodone, in violation of 21 U.S.C. §§ 843(b) and 846. She has fully accepted responsibility for her conduct, cooperated extensively with the United States, and has been fully compliant with all conditions of release.

She is a zero-point offender with no prior criminal history, a devoted mother of two, and the primary caregiver in a close-knit family whose well-being depends on her daily presence. In light of the statutory maximum term of forty-eight months and the goals of sentencing set forth in 18 U.S.C. § 3553(a), the Court has discretion to impose a non-incarcerative sentence that reflects the seriousness of the offense, promotes respect for the

1

law, and provides just punishment, while avoiding the severe and irreparable harm that imprisonment would inflict on her children and family.

As demonstrated below, the record, particularly the testimony of those who know Ms. Rivera best, shows that she is a person of strong moral character, extraordinary devotion to family, and sincere commitment to rehabilitation. A sentence of probation with appropriate conditions will be "sufficient, but not greater than necessary" to achieve the purposes of sentencing.

## I. NATURE AND CIRCUMSTANCES OF THE OFFENSE

The conduct underlying Ms. Rivera's conviction occurred during her employment with Proven Rx Sales, a pharmaceutical consulting company owned and operated by her co-defendant, Jason Smith. Ms. Rivera worked as an office manager and, at times, as a sales representative. The Government holds her accountable for facilitating sales from wholesale distributors to Chrisco Pharmacy in Houston, Texas, which was engaged in unlawful diversion of controlled substances. The PSR confirms that she did not have an aggravating role, did not manage other participants, and did not profit on the scale of those who conceived and directed the scheme.

From the outset of this case, Ms. Rivera has neither minimized her actions nor attempted to shift blame. She promptly admitted her involvement, provided a complete and truthful account to investigators, and satisfied all five criteria of the safety valve under § 5C1.2. The Government has acknowledged that she "has been fully debriefed" and "provided a complete and truthful statement addressing her involvement in and knowledge

2

of the offense." She has complied with every condition of release, maintained lawful employment, and severed all ties to the pharmaceutical industry.

This case does not involve violence, weapons, or obstruction of justice. It is a serious offense, but the circumstances show a person acting under the direction of others, without the hallmarks of a continuing criminal lifestyle, and who has since taken concrete steps to build a lawful and productive future.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Ms. Rivera's life is best understood through the voices of those who have known her since birth, grown up with her, raised children alongside her, and relied on her as a source of stability. Their accounts, provided in heartfelt letters to the Court, present a picture of a woman whose identity is defined by hard work, caregiving, and resilience.

Her mother, Migdalia Cosme, recalls that "when I laid eyes on her it was astounding… She was an intuitive child who captivated everyone with her wit and kindness." Ms. Cosme explains that despite growing up in a low-income household, Cassandra "was always a straight-A student," excelling particularly in mathematics and consistently earning honors. When life took an unexpected turn in her teenage years, she responded by earning her GED, finding work, and later pursuing higher education.

As a mother, Cassandra "uplift[s] her children's every idea, encouraging them in everything they do" and teaching them "that if they study, they will succeed, that if they get a low grade, it is ok, just try harder the next time." Ms. Cosme emphasizes the depth of her daughter's remorse and the devastating consequences incarceration would bring: "Separating them from their mother would negatively impact their well-being… We will

all suffer knowing that she will be alone in this terrible place and her children will not have their mother kiss them goodnight."

Her sister, Catherine Ortiz, describes a lifelong bond with her older sibling, whom she "always admired to be just like." As a child, Catherine struggled in school, especially in math, but Cassandra "would always help me with my math homework and would take her time to better explain how to solve the equations." Catherine credits her sister's guidance with keeping her in school until graduation. She writes movingly about Cassandra's role as a mother—joining the PTA, helping with every project, and cheering at every sports event—and warns that imprisonment "would not only be devastating to myself and my mother, but to her husband and kids as well… Without their mother in their lives, I am afraid that they will become fearful, sad, and withdrawn."

Her husband, Andrew Cunningham, recounts meeting Cassandra in 2010 and being struck by "her radiant smile and the sparkle in her eyes." He describes her as the "true anchor of our family," recalling that during times of financial crisis she found work immediately, allowing him to care for their newborn son and save on childcare costs. Andrew shares the emotional toll this case has taken: "They frequently ask, 'Are they going to take you, Mommy?' It's heartbreaking to witness the worry in their eyes." He writes candidly, "If she were to be imprisoned, the impact on our children's mental health and futures could be devastating."

Her friend, Selena Silvera, highlights Cassandra's deep involvement in the school community: "She is dedicated and involved in their life and is also very involved in their school community being a part of the PTA and SAC committee… Her children have

maintained being on Honor Roll every year since the 3rd grade and have also received character awards at school for being role models and good citizens." Ms. Silvera underscores Cassandra's generosity, noting how she "show[s] up at your door with groceries and soup when you are sick" and "watch[es] my children when I have a doctor's appointment… She is there!"

These voices paint a consistent portrait: Cassandra Rivera is a woman whose life revolves around caring for her children, supporting her husband, and helping family and friends. She is deeply embedded in her community and has the unwavering support of those who know her best.

## III. SENTENCING GOALS ARE ACHIEVED WITHOUT INCARCERATION

A non-incarcerative sentence will satisfy the purposes of sentencing in this case. It will reflect the seriousness of Ms. Rivera's offense while acknowledging her acceptance of responsibility, her extreme cooperation with the Government, and her demonstrated rehabilitation. The lasting mark of a felony conviction, combined with stringent conditions of probation, will promote respect for the law and deter future misconduct.

General deterrence is served by the public nature of this prosecution and the permanent consequences she now faces. Specific deterrence is unnecessary: Ms. Rivera has no prior record, has fully complied with bond, and has severed all connections to the conduct at issue. As her husband attests, "We have put in so much effort to break the cycle of dysfunction that has impacted our lives… It truly breaks our hearts to see how this situation has unfolded."

5

The public is best protected by allowing Ms. Rivera to remain a productive member of society, caring for her children, supporting her husband during his absences as a long-haul truck driver, and contributing to her household income. Her daughter's medical needs, requiring regular endocrinology care and medication, make her presence in the home essential.

## IV. COLLATERAL CONSEQUENCES

The collateral consequences of this conviction are already severe. Ms. Rivera faces permanent exclusion from entire sectors of employment, including healthcare, and loss of her real estate career prospects. Her felony record will follow her for life, limiting opportunities and imposing social stigma. Incarceration would compound these consequences and, most critically, would devastate her children, both emotionally and practically, by depriving them of their primary caregiver.

Her mother's letter underscores this reality: "I suffer from an autoimmune disease… My struggles have now deepened, knowing that this situation will cause a huge change in all our lives. Cassandra has been a support system to me, she is my strength when I feel down… We will all suffer knowing that she will be alone in this terrible place." Ms. Rivera bears ongoing financial responsibilities to her family. She earns $3,000 per month in her current position, which allows her to contribute to household expenses and care for her children. Incarceration would halt this income, place her family in financial crisis, and potentially result in housing instability. Continued employment under supervision enables her to fulfill these obligations and prevents further harm to her dependents.

6

## VII. CONCLUSION

Despite facing financial hardships and personal difficulties, including the challenges posed by her partner Andrew Cunningham's past conviction, Cassandra remained steadfast. She swiftly secured employment, shouldered financial responsibilities, and played an instrumental role in supporting her family. Her ability to navigate such hardships with grace and tenacity speaks volumes about her character. In addition to being a financial contributor, Cassandra has provided emotional support to Andrew, helping him heal and move forward from his past. Her unwavering support and love have been instrumental in fostering a strong and stable family environment.

Cassandra is a devoted mother who is deeply involved in her children's lives. She has prioritized their education, ensuring they receive the support they need to thrive academically and personally. Since 2014, Cassandra has worked from home, allowing her to create a nurturing and stable environment for her children. She actively participates in their schooling, attending PTA meetings, school events, and extracurricular activities. She is a hands-on parent, always present for her children and ensuring they have every opportunity to succeed. Her dedication to her children's well-being highlights her selflessness and unwavering commitment to their future.

A variance is warranted here because of Cassandra's complete acceptance of responsibility, her cooperation, her role as sole caregiver during her husband's absences, the extraordinary family hardship incarceration would cause, her rehabilitation and steady employment, and the compelling support she enjoys from family, friends, and community.

7

The Court has before it a defendant who is not a danger to the community, who has accepted full responsibility, and who is striving to live a productive, law-abiding life. The record is clear that Cassandra Rivera is a devoted mother, a supportive wife, and a caring daughter whose absence would cause lasting harm to her children and family. As her sister Catherine pleads, "She wishes to be given the opportunity to start a new path and continue making better choices, I pray for this too."

For all of these reasons, Ms. Rivera respectfully requests that the Court impose a sentence of probation with appropriate conditions, including home detention and community service, in lieu of incarceration. Such a sentence will satisfy the statutory purposes of sentencing, serve the interests of justice, and preserve the family structure that Ms. Rivera has worked so hard to maintain.

WHEREFORE, the Defendant, Cassandra Rivera, respectfully requests that this Honorable Court impose a non-custodial sentence with supervision to facilitate continued rehabilitation, community service, and any other conditions that the Court deems appropriate.

Dated: August 14, 2025

Respectfully submitted,

*/s/ David Tarras*
David Tarras, Esq.
Florida Bar No. 125746
1200 North Federal Highway, Suite 300
Boca Raton, FL 33432
Email: David@TarrasDefense.com
*Counsel for Cassandra Rivera*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, a true and correct copy of the foregoing was

served via CM/ECF on all counsel or parties of record.

By: ***/s/ David Tarras***
David Tarras, Esq.
Florida Bar No. 125746