**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:24-cr-60187-DIMITROULEAS**

**UNITED STATES OF AMERICA**

**v.**

**JASON W. SMITH,**

      **Defendant**.

_____/

## <u>GOVERNMENT'S RESPONSE TO DKT. 96 LETTER AND DKT. 97 ORDER</u>

The United States of America, by and through undersigned counsel, files this Response to Jennifer Lynn Smith's letter entered on the docket December 18, 2025 (Dkt. 96) (the "Letter"). The Court entered an Order on December 19, 2025, directing the government to respond to the Letter within five days. (Dkt. 97) To comply with the Court's Order, the government files this response with all information currently available to it.[1] Specifically, after receiving the Court's Order via ECF notification on December 22, the government immediately requested responsive information from BOP relating to the allegations in the Letter.

In response, BOP has provided the following information:

- **Nephrology**: On December 18, 2025, Mr. Smith had ultrasounds performed on his liver and kidneys. The results were sent to his provider, and a Nephrology consult is tentatively set for January 5, 2026. The absence of an ultrasound was among Ms. Smith's primary complaints about Mr. Smith's lack of ongoing care.

  - Per BOP's Clinical Director, Mr. Smith's kidney function was measured in August 2025 to be low (Estimated GFR of 45—presumably the measurement identified by Ms. Smith reflecting "levels [that] fell by 20 points"). However, Mr. Smith's kidney function was measured again in October and showed improvement (Estimated GFR

---

[1] On December 18, 2025, the President issued an Executive Order excusing executive branch employees (including BOP) from duty for their full scheduled workday on Wednesday, December 24 and Friday, December 26, 2025.

of 60). Labs were drawn again on December 23, 2025, and the results should be available the first week of January 2026.

- **Pain**: Mr. Smith complained of chest pain in August 2025. The medical records reflect his first complaint of back pain in October 2025. Reports of back pain have continued, but Mr. Smith has reported at or below 4 on the pain scale. Mr. Smith received a diagnosis of chronic back pain in October 2025. He was prescribed duloxetine, which was discontinued after Mr. Smith indicated it did not help. He was then prescribed amitriptyline and acetaminophen, which he has been taking. Per BOP, Mr. Smith's current plan of care includes an X-ray on December 30, 2025, with an MRI to follow if necessary.

- **Gastrointestinal**: Mr. Smith currently has a colonoscopy and endoscopy scheduled for January 9, 2026.

The Letter, submitted by Ms. Smith *pro se*, specifies no legal grounds for relief. However, the government construes Ms. Smith's request that Mr. Smith be allowed to serve the rest of his sentence on home confinement as one for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i), based on "extraordinary and compelling reasons."

Based upon the information available, the government does not believe the complaints about Mr. Smith's medical care in the Letter rise to the level of "extraordinary and compelling reasons" justifying modification of his sentence.

To constitute "extraordinary and compelling" medical circumstances, the U.S. Sentencing Commission Policy Statement at U.S.S.G. § 1B1.13(b)(1) requires (A) a terminal illness; (B) a condition that substantially diminishes the ability of the defendant to provide self-care while in custody, from which he is not expected to recover; (C) a condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death; or (D) in the event of an imminent outbreak or public health emergency, a condition that exposes the defendant to an increased risk of suffering severe medical complications or death as a result of exposure, which cannot be timely mitigated.

Mr. Smith is not terminal. He can provide self-care in his current environment. There is no imminent threat of outbreak or public health emergency. Rather, the thrust of the Letter is that Mr.

Smith requires specialized medical care that is not being provided and without which he is at risk of serious deterioration of health or death. However, the appointments and procedures that the Letter identifies have either: (a) already occurred; or (b) been scheduled for the coming weeks. In addition, Mr. Smith's medical file reflects that from August 2025 through the present, Mr. Smith has had at least eight clinical encounters with medical providers who have documented Mr. Smith's complaints and ordered and monitored labs, imaging, and therapeutic trials of medications in response.

BOP has provided the government Mr. Smith's medical file and a summary of Mr. Smith's care, which the government will file under seal on the Court's request. In addition, the government will supplement this Response on or before Friday, January 16, 2025, with updates about the scheduled appointments and testing.

Dated: December 23, 2025

Respectfully submitted,

LORINDA LARYEA
CHIEF, FRAUD SECTION

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Drew Pennebaker*___
Andrew Pennebaker
Trial Attorney
United States Department of Justice
Fraud Section, Criminal Division
1000 Louisiana, Suite 2300
Houston, Texas 77002
Andrew.Pennebaker@usdoj.gov
(202) 597-0683

**CERTIFICATE OF FILING**

I HEREBY CERTIFY that on December 23, 2025, I filed  the foregoing document

with the Clerk of Court electronically via CM-ECF.

*/s/ Drew Pennebaker*
Andrew Pennebaker
Trial Attorney
